# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Respondent | : | |
| | : | |
| v. | : | No. 3:07-CR-120 |
| | : | (JUDGE VANASKIE) |
| WALTER B. TECH,<br>Petitioner | : | |

## MEMORANDUM

## I. BACKGROUND

On November 21, 2007, Defendant Walter B. Tech pled guilty to conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute in excess of 500 grams of methamphetamine in violation of 21 U.S.C. § 846. (Dkt. 40.) Tech's plea was entered pursuant to a written plea agreement filed under seal on October 3, 2007. (Dkt. 33.) The plea agreement included a stipulation that, pursuant to U.S.S.G. § 2D1.1(b)(8)(A), a two-level enhancement would be added to the base offense level because the offense involved an unlawful discharge, emission, or release into the environment of a hazardous or toxic substance, or the unlawful transportation, treatment, storage, or disposal of a hazardous waste.[1] (Id.)

---

[1] U.S.S.G. § 2D1.1(b)(8)(A) (2006) provides:

> If the offense involved (i) an unlawful discharge, emission, or release into the environment of a hazardous or toxic substance; or (ii) the unlawful transportation, treatment, storage, or

Consistent with the parties' stipulation, the Presentence Investigation Report ("PSR") included the two-level hazardous waste enhancement. (PSR, ¶ 18.) Tech did not object to the calculation of his offense level at 29, which included the two-level hazardous waste enhancement. The combination of Tech's offense level of 29 and his criminal history category of Level I produced a guideline imprisonment range of 87 to 108 months.[2]

At Tech's sentencing hearing, held on February 28, 2008, this Court, exercising the discretion provided by United States v. Booker, 543 U.S. 220 (2005), determined that a one-level reduction in offense level was appropriate based upon the extent of truthful assistance that Tech provided, despite the Government's decision not to move for a downward departure under U.S.S.G. § 5K1.1. Sentencing Hr'g Tr., 28-29, Feb. 28, 2008. Consistent with this determination, a prison term of seventy-eight (78) months was imposed.

On March 7, 2008, Tech filed a notice of appeal. (Dkt. 49.) In his appeal, Tech argued that his sentence was unreasonable because the Court did not adequately consider the factors in 18 U.S.C. § 3553(a). (See Dkt. 57-2.) Tech did not contest the calculation of

---

disposal of a hazardous waste, increase by 2 levels.

Between the time of Tech's plea and the time of his sentencing, the hazardous waste enhancement moved from § 2D1.1(b)(8)(A) to § 2D1.1(b)(10)(A). No substantive changes were made by the transfer to subsection (10)(A).

[2] Tech's offense of conviction carried a ten (10) year mandatory minimum prison term. See 21 U.S.C. § 841(b)(1)(A). By pleading guilty and truthfully providing to the government all pertinent information, Tech met the safety-valve provisions of U.S.S.G. § 5C1.2, thereby avoiding a prison term of at least 120 months.

his advisory guideline range. On March 13, 2008, the Third Circuit issued a non-precedential opinion affirming Tech's sentence. (Dkt. 57-2.) The Third Circuit noted:

> The record shows that the District Court adequately considered all of the § 3553(a) factors, including seriousness of the offense, Tech's criminal history, his generally steady employment, and his time in the military and the injuries he sustained as a result of it. The District Court found the seriousness of the offense, however, outweighed any mitigating factors in assigning the sentence. Accordingly, the 78-month sentence, which was slightly lower than the suggested guidelines range . . . was reasonable.

U.S. v. Tech, 317 Fed. App'x 173, 174 (3d Cir. 2009).

On March 10, 2010, Tech, proceeding pro se, moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (Dkt. 59.) Specifically, Tech seeks an evidentiary hearing to contest the two point hazardous waste enhancement. (Id.)

On March 12, 2010, this Court issued an order pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), directing Tech to file a Notice of Election, indicating whether he desired that the Court rule on his motion as filed, or whether he preferred to withdraw his motion and file an all-inclusive § 2255 motion within the one-year limitations period. (Dkt. 60.) Tech was instructed that failure to file a Notice of Election would result in his motion being ruled on as presented. (Id.) Following Tech's failure to file a Notice of Election or otherwise communicate with the Court in response to the March 10, 2010 Order, this Court directed service of the § 2255

3

motion.

The Government filed its opposition brief on May 20, 2010. (Dkt. 66.) Tech has not filed a reply brief in support of his § 2255 motion, and the time for doing so has expired. Accordingly, the matter is ripe for review.

## II. DISCUSSION

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted). Accordingly, as a general rule, a defendant may not present on collateral review a challenge to the calculation of the offense level that could have been pursued on direct appeal. United States v. Mannino, 212 F.3d 835, 839 (3d Cir. 2000); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993). As explained in Essig:

> If defendants could routinely raise, in a § 2255 collateral proceeding, errors in sentencing not raised on direct appeal which the sentencing court had not had an opportunity to correct, Congress's intent of encouraging direct appellate review of sentences under the Sentencing Guidelines would be frustrated.

Id. Only if the defendant shows cause for the failure to raise the issue and prejudice resulting therefrom, or a miscarriage of justice in that the defendant is actually innocent, may the defendant pursue a sentence challenge that was not raised on direct appeal. See United States v. Wolfe, Criminal No. 05-322, 2010 WL 1372448, at *2 (W.D. Pa., April 5, 2010).

4

Cause connotes an objective factor external to the defense that prevented the assertion of the claim on direct review. McCleskey v. Zant, 499 U.S. 467, 468 (1991); United States v. Pelullo, 399 F.3d 197, 223 (3d Cir. 2005). Tech has not articulated any reason why the issue he seeks to now litigate was not raised during the sentencing proceedings or on appeal. It is also clear that Tech cannot establish prejudice or a miscarriage of justice. He stipulated to the hazardous waste enhancement. The plea agreement including the stipulation to the hazardous waste enhancement enabled him to avoid an otherwise mandatory minimum prison term of ten (10) years.

Because Tech failed to properly raise the enhancement issue on direct appeal and because he has failed to make any showing of cause and actual prejudice or a miscarriage of justice, Tech is now procedurally barred from raising this enhancement issue in a collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Essig, 10 F.3d at 979; United States v. Iannarella, 992 F. Supp. 766, 771 (E.D. Pa. 1997). Therefore, Tech's motion to vacate, set aside or correct his sentence pursuant to 18 U.S.C. § 2255 (Dkt. 59) will be denied.

United States Circuit Judge
Sitting by Designation on the District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
    Respondent

v.      No. 3:07-CR-120
    (JUDGE VANASKIE)

WALTER B. TECH,
    Petitioner

## ORDER

**NOW, THIS 28th DAY OF JULY, 2010,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Tech's motion to vacate, set aside or correct his sentence pursuant to 18 U.S.C. § 2255 (Dkt. 59) will be **DENIED.**

2. There is no basis for the issuance of a certificate of appealability.

3. The Clerk of Court is directed to mark this matter **CLOSED.**

                                                        */s/ Thomas I. Vanaskie*
                                                   United States Circuit Judge
                                                   Sitting by Designation on the District Court